**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel M Rayos, | No. CV-19-04591-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Gabriel M. Rayos ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns on July 7, 2020 (Doc. 17). Magistrate Burns recommended the Petition be denied and dismissed with prejudice. (*Id.* at 12). Petitioner filed an Objection (Doc. 18), and Respondents filed a Response (Doc. 19).

For the reasons discussed below, the Court overrules all but one of Petitioner's objections. With the exception of the one amendment, the Court will otherwise adopt Magistrate Judge Burns' R&R as the Order of this Court.

**I.    The R&R**

Petitioner filed his federal habeas Petition on July 1, 2019 (Doc. 1). Judge Burns found that his Petition was untimely under Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") and that Petitioner was not entitled to equitable tolling. (Doc. 17 at 7, 9). Accordingly, she did not reach the merits of the Petition, and

recommends dismissal of this Petition with prejudice.

## II. Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). It is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## III. Discussion

Petitioner raises several objections regarding Judge Burns' findings and recommendations. First, Petitioner points out the R&R erroneously states that certain filings and rulings were made in 2018 and not in 2017. Second, he objects to the Magistrate's finding that the motion for reconsideration he filed with the Arizona Supreme Court after the Arizona Court of Appeals issued its mandate was not properly filed, and thus did not continue to toll AEDPA's one-year statute of limitations. Finally, he argues that the statute should be equitably tolled because he acted diligently when he filed his *pro se* state court PCR petition, *pro se* motion for reconsideration, and *pro se* federal Petition, and that his *pro se* status as well as the fact that Arizona's post-conviction procedures are

"systematically inadequate" constitute extraordinary circumstances that should equitably toll the statute. The Court will address each objection in turn.

### A. Erroneous Dates in R&R

Magistrate Judge Burns recited the procedural history of Petitioner's case in her R&R. Therein, she noted that on October 10, 2017, after the Arizona Court of Appeals affirmed the trial court's denial of Petitioner's PCR petition, Petitioner sought an extension of time to file a motion for reconsideration of that denial. (Doc. 17 at 4). That request was granted, and Petitioner was given a deadline of December 29, 2017, to seek reconsideration. (Doc. 11, Ex. V). Petitioner did not file a motion for reconsideration by December 29, 2017. The R&R then states,

> Petitioner filed another motion to extend on January 4, 2017, which was denied on January 9, 2017. The Court of Appeals issued its mandate on January 11, 2017, finding that the time for filing a motion for reconsideration, or a petition for review to the Arizona Supreme Court had expired. (Id., Exh. AA.) On February 7, 2017, Petitioner filed a Motion for Reconsideration in the Arizona Supreme Court, asserting that the trial court abused its discretion in denying PCR relief. (Id., Exh. AA). The Arizona Supreme Court treated Petitioner's motion as a petition for special action, and declined to accept jurisdiction. (Id. Exh. BB).

Petitioner correctly notes that the R&R erroneously states 2017 as the year in which the above-mentioned actions occurred; these events occurred in 2018, not 2017. However, and as Respondents note, these errors do not affect the conclusion that Petitioner's federal habeas Petition was untimely. The Court will therefore amend Magistrate Judge Burns' Order to reflect the correct dates of the objected to events, but otherwise overrules this objection.

### 2. Post-Final Judgment Motion for Reconsideration

Petitioner also objects to the Magistrate Judge's finding that the motion for reconsideration he filed with the Arizona Supreme Court after the Arizona Appellate Court affirmed the trial court's denial of Petitioner's PCR petition and issued its mandate was not properly filed and thus did not continue to toll AEDPA's statute of limitations. Petitioner conclusively argues that "The AZ Supreme Court declining to accept jurisdiction does not

mean the motion was not properly filed." (Doc. 18 at 2). Without citation to authority, he argues that his February 7, 2018, motion for reconsideration to the Arizona Supreme Court was "within the states required time limit and properly filed." Petitioner is mistaken.

The AEDPA provides that a person in custody pursuant to a judgment of a state court seeking to file a writ of habeas corpus is subject to a one-year statute of limitation. 28 U.S.C. § 2244(d)(1). It states, in relevant part, that "[t]he limitation period shall run from []. . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…" *Id.*   However, section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2)

Magistrate Judge Burns correctly found that because Petitioner initiated his PCR proceeding prior to Petitioner's conviction becoming final on direct review,[1] "all of the time period during which his properly-filed PCR petition was pending is tolled under the AEDPA." (Doc. 17 at 7). Magistrate Judge Burns then found tolling ceased and the AEDPA statute of limitations began to run on October 11, 2017, or the date on which the Arizona Court of Appeals affirmed the trial court's ruling on Petitioner's state PCR petition. (Doc. 17 at 7). She further found that none of the filings made after October 11, 2017, were properly filed such that they would continue to toll the statute, and for Petitioner's federal habeas Petition to be timely, it would have had to be filed by October 12, 2018.[2] She concluded that because Petitioner did not file his federal habeas Petition until July 1, 2019, it was untimely absent equitable tolling. The Court agrees.

The Arizona Court of Appeals affirmed the trial court's denial of Petitioner's PCR Petition on October 10, 2017. (Doc. 11 at Ex. X). Although Petitioner was initially granted

---

[1] Petitioner's direct review was final on November 6, 2013, ninety days after the Arizona Supreme Court summarily denied Petitioner's petition for review on August 8, 2013.

[2] The Magistrate Judge correctly noted that even if the Court used January 18, 2018, or the date by which the Arizona Court of Appeals issued its mandate, as the date upon which the tolling period expired, Petitioner's Petition would still be untimely by 171 days. (Doc. 17 at 8).

- 4 -

1  an extension of time to file a motion for reconsideration after the Court of Appeals'
2  affirmance, Petitioner did not do so by the deadline given. (*See* Doc. 11, Ex. V (giving
3  Petitioner a deadline of December 29, 2017, to file a motion for reconsideration)). When
4  Petitioner asked for another extension to file a motion for reconsideration on January 4,
5  2018, it was denied. On January 11, 2017, the Court of Appeals issued its mandate, and
6  noted therein that the time for Petitioner to file a motion for reconsideration or petition for
7  review to the Arizona Supreme Court had expired. (Doc. 11, Ex. Y). Thus, by the time
8  Petitioner filed a motion for reconsideration with the Arizona Supreme Court, on February
9  7, 2018 (Doc. 11-1 at Ex. AA), Petitioner's judgment was "final" for purposes of 22 U.S.C.
10 § 2244(d)(1). *See e.g.*, *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (after
11 the Arizona Supreme Court denied review of petitioner's Rule 32 application, "nothing
12 remained 'pending' for purposes of § 2244(d)(2); [and] the statute of limitations set forth
13 in § 2244(d)(2) began running again"). Statutory tolling applies only during "properly
14 filed" collateral proceedings. *See* 28 U.S.C. § 2244(d)(2). Petitioner moved for
15 reconsideration after the time expired for him to file a petition for review to the Arizona
16 Supreme Court in his PCR case, and after the Arizona Court of Appeals issued its mandate
17 in the matter. Moreover, upon receiving his motion for reconsideration, the Arizona
18 Supreme Court did not consider it in the context of his PCR action, but docketed it instead
19 as a "Miscellaneous Special Action" that it ultimately declined to accept jurisdiction over.
20 (Doc. 11-1 at Ex. Z). Petitioner thus did not "properly file" his motion for reconsideration
21 in his "State post-conviction or other collateral review" such that it would continue to
22 statutorily toll AEDPA's statute of limitations. This objection is overruled.

23     **3. Equitable Tolling**

24     Petitioner also objects to Magistrate Burns' finding that he is not eligible for
25 equitable tolling of the statute.

26     AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.
27 *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). For equitable tolling to apply, a
28 petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some

extraordinary circumstance stood in his way and prevented" him from timely filing the petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). A petitioner must exercise "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement, and is unavailable in most cases. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEPDA] is very high, lest the exception swallow the rule") (citation omitted)). Some external force must cause the untimeliness rather than petitioner's own "oversight, miscalculation or negligence." *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner bears the burden of showing that equitable tolling is appropriate in his case. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Because the Court finds that Petitioner has not shown any extraordinary circumstances that relate to his failure to timely file this Petition, the Court need not conduct an analysis of whether Petitioner diligently pursued his rights. Instead, the Court will address the "extraordinary circumstances" requirement.

A petitioner's ignorance of the law and lack of representation during the applicable filing period generally do not constitute the extraordinary circumstances necessary to toll AEDPA's limitations period. *See Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (finding that delay caused by misunderstanding proper filing procedures is not sufficient to trigger equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented petitioner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Under certain circumstances, however, egregious attorney misconduct can constitute extraordinary circumstances for tolling AEDPA's statute of limitations. *See, e.g.*, *Luna v. Kernan*, 784 F.3d 640, 646-47 (9th Cir. 2015) (stating that "affirmatively misleading a petitioner that a timely petition has

been or will soon be filed" may be "egregious professional misconduct" that constitutes an extraordinary circumstance to toll the limitations period, but "run-of the mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances"); *Ross v. Varano*, 712 F.3d 784, 803 (3rd Cir. 2013) (finding equitable tolling appropriate when an attorney misses deadlines, fails to communicate with his client, and gives misleading statements to his client).[3] The Supreme Court has held that an attorney's negligence, such as miscalculating a deadline, will not statutorily toll AEDPA's time limit. *Holland v. Florida*, 560 U.S. 631, 652 (2010). Even if an attorney has engaged in misconduct, that misconduct must also be the *cause* of the habeas petition's untimeliness; in other words, the misconduct must have *prevented* the petitioner from timely filing the habeas petition. *Luna*, 784 F.3d at 649 ("Having concluded that [the attorney's] professional misconduct constitutes an extraordinary circumstance, we must next determine whether that misconduct prevented [the defendant] from filing his . . . petition on time (what we have sometimes referred to as the 'causation' requirement")); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) (stating that equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the [petition's] untimeliness") (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)).

Here, Petitioner argues that systematic inadequacies in Arizona's post-conviction review procedure prevented him from raising ineffective assistance of counsel claims and his "ineffective post-conviction counsel's failure to raise any trial counsel IAC claims prejudiced and impeded petitioner's efforts to comply with the state procedural rules and cannot be fairly attributed to petitioner…" (Doc. 18 at 6). Petitioner argues that this constitutes extraordinary circumstances for equitable tolling purposes. (*Id.*) However,

---

[3] Courts have also found state action can constitute extraordinary circumstances that warrant tolling AEDPA's statute of limitation. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1256 (9th Cir. 2013) (denying a prisoner reasonable access to the library or his legal files); *Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (affirmatively misleading a prisoner to file incorrect documents or in an improper venue or at an improper time); *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (affirmatively misleading a prisoner about the time he has left to file).

- 7 -

Petitioner does not establish how the alleged systematic failures or acts of ineffective representation prevented him from timely filing a federal habeas petition. Unlike those situations in which courts have found that extraordinary circumstances justified tolling the limitations period because an attorney's conduct so egregiously affected a petitioner's ability to timely file his petition, Petitioner here fails to make any allegation of misconduct affecting his ability to timely file his Petition. He does not, for example, state that his post-conviction counsel or trial counsel affirmatively misrepresented filing dates, gave him misleading information, or missed filing deadlines. In the absence of such facts, the Court agrees with Judge Burns that no extraordinary circumstances exist that prevented Petitioner from timely filing his Petition. This objection is also overruled.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 17) is **accepted** and **adopted**. The year noted in the dates on page 4, lines 9 through 12 shall be corrected to reflect **2018**, not 2017. Petitioner's Objections (Doc. 18) are otherwise overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 12th day of May, 2021.

Honorable Diane J. Humetewa
United States District Judge